# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN SHUNICK, | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| VERSUS | § | JUDGE |
| | § | |
| | § | MAGISTRATE JUDGE |
| WOOD GROUP MUSTANG, INC, | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant Wood Group Mustang, Inc. (hereinafter referred to as "Defendant"), and without waiving any of its defenses or objections, removes to this Court the Complaint filed on behalf of Plaintiff John Shunick entitled *John Shunick v. Wood Group Mustang, Inc.*, Case No. 2019L150, pending in the 14th Judicial Circuit Court, County of Rock Island, Illinois.  As the basis for removal, Defendant represents that:

1.

On August 27, 2019, a Complaint entitled *John Shunick v. Wood Group Mustang, Inc.*, Case No. 2019L150, was filed on behalf of Plaintiff John Shunick, individually, in the 14th Judicial Circuit Court, County of Rock Island, Illinois, which is within the Central District of Illinois.  Venue is proper in the Central District of Illinois because the civil district court action is pending within the jurisdictional confines of this District. *See* 28 U.S.C. §§ 1391(b) and 1441(a).  A true and correct copy of the Complaint is attached hereto behind Exhibit A.

2.

Defendant was served with the Complaint on February 13, 2020.  Attached is the declaration of Ingrid H. Menasco attesting to Defendant's registered agent as United Agent Group Inc.  Attached

is the declaration of Laurette Bruder attesting to the receipt of the summons of the state court suit on February 13, 2020, by process server. Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty (30) days of the date Defendant first received the Complaint.

3.

In his Complaint, Plaintiff asserts a claim for violation of the Fair Labor Standards Act, 29 U.S.C. § 206, *et seq*. *See* Complaint, para. 1, pg. 1; no. para. 9, pg. 2; no. para. 11, pg. 3. The United States District Court therefore has original jurisdiction over this action. In this regard, 28 U.S.C. §1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Inasmuch as Plaintiff is alleging a violation of the FLSA, this case presents a federal question and is properly removed. Thus, the Court has original jurisdiction over the action under 28 U.S.C. §1331 and this action is removable pursuant to 28 U.S.C. §§1441 and 1446.

4.

In his Complaint, Plaintiff further avers that he is domiciled in the County of Mercer, State of Illinois. He avers he performed services for Defendant in Rock Island County, Illinois. Plaintiff further avers that Defendant is a foreign corporation doing business in Illinois, with its principal place of business in Houston, Texas. *See* Complaint, para. 1-5, pg 1-2.

5.

Pursuant to 28 U.S.C. §1446(a), a copy of all pleadings and orders in the state court record, which includes all process, pleadings, and orders served upon Defendant, are attached hereto behind Exhibit A. These documents constitute all process, pleadings, and orders served upon Defendant in this case at the time of the filing of this removal.

6.

This Court may exercise supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, should any be asserted.

7.

Promptly after this notice of removal is filed, written notice thereof will be given to all adverse parties and a copy of this Notice of Removal will be filed with the clerk of the aforesaid state court to effect the removal of this civil action to this Honorable Court as provided by law.

8.

This Notice of Removal is executed pursuant to Federal Rule of Civil Procedure 11.

WHEREFORE, Defendant prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Complaint be removed from the state court to this Honorable Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said civil action from said state court, and thereupon proceed with this civil action as if it had originally been commenced in this Court.

Dated: March 10, 2020

Respectfully submitted,

*/s/ Joseph R. Ward, III*
JOSEPH R. WARD, III
Virginia Bar No. 88587
THE KULLMAN FIRM APLC
9800 Mount Pyramid Court, Ste 400
Englewood, CO 80112
Telephone: (720) 447-6628
E-mail: JRW@kullmanlaw.com

**COUNSEL FOR DEFENDANT,
WOOD GROUP MUSTANG, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and sent a copy of this document to the following counsel by email and facsimile:

Dorothy A. O'Brien
Kelsey A. W. Marquard
O'BRIEN & MARQUARD, PLC
dao@emprights.com
*Counsel for Plaintiff*

*/s/ Joseph R. Ward, III*
**JOSEPH R. WARD, III**

# **EXHIBIT A**

1. Civil Cover Sheet

2. Service of Process

3. Plaintiff's <u>Complaint</u>

4. Order of Assignment and Conference